1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9                         ----oo0oo----

10  BLUE MAGIC PRODUCTS, INC.,
    (BOYD FLOTATION, INC., ALLEGED
11  SUCCESSOR OR ASSIGN),
                                    NO. CIV. S-00-1155 WBS JFM
12          Plaintiff,              NO. CIV. S-04-2398 WBS JFM

13      v.                          MEMORANDUM AND ORDER
                                    RE: MOTION FOR ATTORNEYS' FEES
14                                  AND COSTS

15  BLUE MAGIC, INC., et al., (THE
    RECTORSEAL CORPORATION,
16  SUCCESSOR),

17          Defendant.
    _____
18
    BOYD FLOTATION, INC.,
19
            Plaintiff
20
        v.
21
    THE RECTORSEAL CORPORATION,
22
            Defendant.[1]
23                                  ----oo0oo----

24          On May 13, 2005 the court issued an order granting the

25  Rectorseal Corporation's ("Rectorseal") motion to enforce a

26  _____
         [1]    For purposes of consistency, the court maintains the
27  same captioning originally used in the this matter.  (See May 13,
    2005 Mem. & Order Re: Motion to Enforce Settlement Agreement and
28  Motion For Declaratory Relief).

                                1

settlement agreement against Boyd Flotation, Inc. ("Boyd Flotation"). (May 13, 2005 Mem. & Order Re: Motion to Enforce Settlement Agreement & Mot. for Declaratory Relief ("May 13, 2005 Mem. & Order") at 15). In that same order, the court authorized "Rectorseal [to] recover its reasonable attorneys' fees, expenses, and costs incurred in cases No. 00-1155 and 04-2398 by proper motion pursuant to Local Rules 54-292 and 54-293." (Id.). Rectorseal now moves to recover $63,225.06 in attorneys' fees and $150.00 in costs as authorized by the court.

On June 10, 2005, Rectorseal filed with this court a "Bill of Costs and Motion for Award of Attorneys' Fees." On June 14, 2005, the clerk deemed the filing a "Motion for Attorneys' Fees and Costs." (See Clerk's Notice of Correction on June 14, 2005). On June 24, 2005, Boyd Flotation filed objections to Rectorseal's bill of costs which Boyd Flotation amended the same day. (See Boyd Flotation's Objections to Rectorseal's Bill of Costs; Boyd Flotation's Am. Objections to Rectorseal's Bill of Costs). On July 22, 2005, Boyd Flotation filed an opposition to Rectorseal's motion for attorneys' fees.

A.   Bill of Costs

Rectorseal submitted its bill of costs totaling $150 on June 10, 2005. Boyd Flotation argues that the bill of costs is untimely. (See Boyd Flotation's Am. Objection to Rectorseal's Bill of Costs at 1-2). Boyd Flotation is correct.

In its May 13, 2005 memorandum and order, the court ordered that Rectorseal could recover its reasonable costs "by proper motion pursuant to Local Rule[] 54-292. . . ." (May 13, 2005 Mem. & Order at 15). Local Rule 54-292 states that a party

2

seeking to recover costs must "[w]ithin ten (10) days after entry
of judgment <u>or order under which costs may be claimed</u> . . . file
with the Clerk a bill of costs. . . ."  Local Rule 54-
292(emphasis added).  The May 13, 2005 memorandum and order
authorized Rectorseal to recover costs.  Thus, at first glance,
it would appear that Rectorseal had only until May 23, 2005 (10
days after the order) to file its bill of costs.

However, Federal Rule of Civil Procedure 6(a) states
that "[i]n computing any period of time prescribed . . . by the
local rules of any district court . . . the day of the act or
event shall not be included. . . ."  Rule 6(a) also states that
"[w]hen the period of time prescribed or allowed is less than 11
days, intermediate Saturdays, Sundays, and legal holidays shall
be excluded in the computation."  This means that the court does
not count May 13, 2005, the day of the order, in calculating the
10-day deadline.  It also means that all the intermediate
Saturdays and Sundays (May 14-15, 21-22, 2005) are excluded from
the calculation.  This would make the deadline May 27, 2005.

Further, Rule 6(e) gave Rectorseal an additional three
(3) days to file its bill of costs because the court's order was
issued electronically.  Fed. R. Civ. P. 6(e); <u>see</u> <u>also</u> Fed. R.
Civ. P. 5(b)(2)(D).  This would further extend the deadline to at
least May 30, 2005, if not to June 2, 2005, should one exclude
the Saturday and Sunday of the 28th and 29th of May 2005 as well
as the Memorial Day holiday falling on May 30, 2005.

Either way, Rectorseal did not meet the deadline for
filing its bill of costs, because it failed to file the bill of
costs until June 10, 2005, between eight to eleven (8-11) days

1  too late.   Therefore, Rectorseal's bill of costs is denied as

2  untimely.

3       B.   Motion For Attorneys' Fees

4            i.   Timeliness

5            Boyd Flotation argues that Rectorseal's motion for

6  attorneys' fees is also untimely because it was filed after the

7  deadline established by Federal Rule of Civil Procedure 54(d).

8  This argument misconstrues the intent of the court's May 13, 2005

9  memorandum and order.

10           In that memorandum and order, the court ordered that

11 "Rectorseal [could] recover its reasonable attorneys' fees . . .

12 incurred in case[] No[s]. 00-115 and 04-2398 by proper motion

13 pursuant to Local Rule[] . . . 54-293."  (May 13, 2005 Mem. &

14 Order at 15).  Local Rule 54-293 allows "[m]otions for awards of

15 attorneys' fees to prevailing parties pursuant to statute to be

16 filed not later than thirty (30) days after entry of final

17 judgment."  Because Local Rule 54-293 generally governs only

18 attorneys' fees motions brought pursuant to statute, Boyd

19 Flotation argues that Federal Rule of Civil Procedure 54(d)'s

20 deadline for filing attorneys' fees motions should apply.

21           Rule 54(d)(2)(B) states that "[u]nless otherwise

22 provided by statute or order of the court, the motion must be

23 filed no later than 14 days after entry of judgment. . .

24 ."(emphasis added).  Boyd Flotation would have the court

25 interpret Rule 54(d) to require Rectorseal to file its attorneys'

26 fees motion within 14 days after entry of judgment.  However, the

27 court specifically extended the 14-day deadline when it

28 authorized Rectorseal to file its attorneys' fees motion

4

1  "pursuant to Local Rule 54-293." (May 13, 2005 Mem. & Order at

2  15). Therefore, the deadline for filing attorneys' fees motions

3  set by Local Rule 54-293, as opposed to that set by Rule 54(d),

4  governs this motion.

5      The appropriate deadline for filing Rectorseal's motion

6  for attorneys' fees was thus 30 days after entry of final

7  judgment. <u>See</u> Local Rule 54-293. Final judgment has not even

8  been entered in this case. The deadline has thus not passed.

9      Boyd Flotation argues that the court's May 13, 2005

10 memorandum and order constituted a final judgment because the

11 order "invited Rectorseal to file a postjudgment motion for

12 attorneys' fees." (<u>See</u> Boyd Flotation's Opp'n to Rectorseal's

13 Mot. for Attnys' Fees at 3 n.2). Even if the court accepted the

14 argument, Rectorseal's motion for attorneys' fees would still be

15 timely filed. Rectorseal filed its motion for attorneys' fees on

16 June 10, 2005, within 30 calendar days of the May 13, 2005

17 memorandum and order. Therefore, the motion is timely.

18     ii. <u>The Court Need Not Reconsider the Merits of its May 13,</u>

19         <u>2005 Memorandum and Order to Resolve This Motion</u>

20     In its opposition to Rectorseal's motion for attorneys'

21 fees, Boyd Flotation devotes approximately four-pages to an ill-

22 considered attack on the merits of the court's May 13, 2005

23 memorandum and order. (<u>See</u> Boyd Flotation's Opp'n to

24 Rectorseal's Mot. For Award of Attnys' Fees at 3-7). This motion

25 is not the appropriate vehicle for such a challenge.

26     "[A] motion for attorney fees is unlike a motion to

27 alter or amend a judgment. It does not imply a change in the

28 judgment, but merely seeks what is due because of the judgment."

5

1 <u>United States v. Eleven Vehicles</u>, 200 F.3d 203, 208 (3d Cir.

2 2000)(citation omitted).  A motion for attorneys' fees is meant

3 to determine the reasonableness of the fees sought to be

4 recovered and ". . . should not result in a second major

5 litigation."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983).

6       Rightly or wrongly, this court resolved the issue of

7 whether Rectorseal was entitled to recover its reasonable

8 attorneys' fees incurred in cases Nos. 00-1155 and 04-2398 from

9 Boyd Flotation in its May 13, 2005 memorandum and order.  (<u>See</u>

10 May 13, 2005 Mem. & Order at 15).  The court need not revisit the

11 issue here.  Had Boyd Flotation wanted the court to reconsider

12 the merits of its May 13, 2005 memorandum and order, Boyd

13 Flotation was free to bring a motion to alter or amend the

14 judgment pursuant to Federal Rule of Civil Procedure 59.  It

15 could also have brought a motion to reconsider under Federal Rule

16 of Civil Procedure 60(b).  If it is still dissatisfied with the

17 court's decision after judgment is entered, it can appeal to the

18 Court of Appeals.  However, since this court has already

19 determined that Rectorseal may recover attorneys' fees from Boyd

20 Flotation, Boyd Flotation may not transform its opposition to

21 Rectorseal's motion for attorneys' fees into either a Rule 59 or

22 Rule 60(b) motion simply by arguing as if it were such a motion.

23 <u>See</u> <u>Eleven Vehicles</u>, 200 F.3d at 208.

24       iii. <u>Objections to Attorneys' Fees Claimed</u>

25       Aside from attacking the merits of the court's May 13,

26 2005 memorandum and order, Boyd Flotation makes three main

27 arguments as to why the court should not award Rectorseal its

28 requested attorneys' fees.  First, Boyd Flotation contends that

6

1   the court should exercise its discretion to deny Rectorseal any
2   fees award because such an award would be "inequitable and
3   unreasonable" considering that Boyd Flotation never consented to
4   the contractual provision under which the court authorized an
5   award of fees against Boyd Flotation in the May 13, 2005
6   memorandum and order.

7          In the Ninth Circuit, [t]he general rule is that a
8   court 'abuses its discretion if it awards contractually-
9   authorized attorneys' fees under circumstances that make the
10  award inequitable or unreasonable or fails to award such fees in
11  a situation where inequity will not result.'" <u>Andersen v.</u>
12  <u>Melswani</u>, 179 F.3d 763, 766 (9th Cir. 1999); <u>see also</u> <u>DeBlasio</u>
13  <u>Constr. Co. v. Mountain States Constr. Co.</u>, 588 F.2d 259, 263
14  (9th Cir. 1978)(noting that "court[s] in [their] discretion could
15  conclude that allowing attorneys' fees when both parties ha[ve]
16  acted improperly would be inequitable and unreasonable.").
17  However, Boyd Flotation already had an opportunity to argue
18  against an award of attorneys' fees, and did in fact argue
19  against the award, when it responded to Rectorseal's earlier
20  motion to enforce the settlement agreement.  After considering
21  Boyd Flotation's arguments, the court rejected them and
22  determined that, pursuant to the settlement agreement at issue,
23  Rectorseal was entitled to recover from Boyd Flotation all
24  reasonable attorneys' fees Rectorseal incurred in cases No. 00-
25  1155 and 04-2398.  (<u>See</u> May 123, 2005 Mem. & Order at 15).  For
26  reasons, stated in the previous section, this motion is not a
27  suitable forum to relitigate this issue.  Therefore, this
28  argument is rejected.

1    Second, Boyd Flotation argues that Rectorseal's motion
2  for attorneys' fees should be denied because Rectorseal fails to
3  request attorneys' fees incurred in Case No. 00-1155, and fails
4  to distinguish the fees incurred in Case No. 00-1155 from those
5  incurred in Case No. 04-2398.
6    The argument centers on the fact that Rectorseal
7  omitted to include Case No. 00-1155 in the caption of its motion
8  for attorneys' fees.  True enough, the caption to the motion only
9  lists Case No. 04-2398.  (<u>See</u> Rectorseal's Bill of Costs and Mot.
10  For Award of Attorneys' Fees at 1).  However, the motion
11  specifically references the order line from the court's May 13,
12  2005 order authorizing Rectorseal to recover "its reasonable
13  attorneys' fees . . . incurred in Case Nos. 00-1155 and 04-
14  2398.") (<u>See</u> <u>id.</u> at 2))(citing May 13, 2005 Mem. & Order at 15).
15  The motion also moves the court for attorneys' fees in the total
16  amount of "Sixty-Three Thousand Two Hundred and Twenty-Five
17  Dollars and Six Cents ($63,225.06), as set forth in Exhibit 'B'
18  attached [to the motion]." (<u>Id.</u>).  Boyd Flotation concedes in
19  its opposition to Rectorseal's motion that the fees set forth in
20  "Exhibit B" to the motion include fees Rectorseal incurred in
21  working on Case No. 00-1155.  (<u>See</u> Boyd Flotation's Opp'n to
22  Rectorseal's Mot. For Award of Attnys' Fees at 8-10).  Under the
23  circumstances, Boyd Flotation cannot reasonably contend that
24  Rectorseal's clerical error amounts to a waiver of Rectorseal's
25  right recover any fees incurred in Case No. 00-1155.  Therefore,
26  this objection is overruled.  <u>Cf.</u> <u>In re Equity Funding Corp. Sec.</u>
27  <u>Litig.</u>, 438 F.Supp. 1303, 1340 n.56 (N.D. Cal. 1977)(correcting
28  clerical error by a party in order to award correct amount of

1  fees).

2         Third, Boyd Flotation challenges the reasonableness of

3  some of the fees requested by Rectorseal.  The settlement

4  agreement authorizing Rectorseal to recover fees is, by its own

5  terms, governed by California law.  (See May 13, 2005 Mem. &

6  Order at 5)(citing settlement agreement).  Therefore, the

7  relevant standard to be applied in determining the appropriate

8  amount of fees recoverable is that established by California law.

9  See In re Sheldon Baroff v. Baroff, 105 F.3d 439, 441 (9th Cir.

10 1997)(noting that state law governs claims for attorneys' fees

11 awards authorized by contract).

12        Under California law, courts determine the amount of an

13 attorneys' fees award by using the lodestar calculation - the

14 number of hours reasonably expended on the litigation justifying

15 the award multiplied by a reasonable hourly rate.  Ketchum v.

16 Moses, 24 Cal. 4th 1122, 1134 (2001).  The lodestar figure serves

17 as a base from which the court may augment or diminish the

18 attorneys' fee amount in accordance with other relevant factors.

19 See Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1173

20 (1998).[2]  However, such an adjustment is discretionary.  Ketchum,

21 24 Cal. 4th at 1138.  In general, "[the] amount to be awarded as

22 attorneys' fees is left to the sound discretion of the trial

23 court."  Glendora Cmty. Redevelopment Agency v. Demeter, 155 Cal.

24 App. 3d 465, 474 (1984)(citation omitted).

25 ─────────────

26        [2]    These factors include, among other things, (1) the
   nature of the litigation, (2) its difficulty, (3) the amount of
   money involved, (4) the skill required in its handling, (5) the
27 skill employed, (6) the attention given, (7) the success or
   failure, and (8) whether the fee is fixed or contingent.  PLCM
28 Group, Inc. v. Drexler, 22 Cal. 4th 1084, 1096 (2000).

                                9

1    To determine the reasonableness of hourly rates claimed
2  under California law, the court looks to the prevailing market
3  rates in the relevant community for similar work performed by
4  attorneys of comparable skill, experience, and reputation.  <u>PCLM</u>
5  <u>Group</u>, 22 Cal. 4th at 1095.

6     Rectorseal has submitted affidavits and accompanying
7  billing statements itemizing the rates its various counsel
8  charged for time spent on this matter.  The rates range from $125
9  to $385 per hour, with the majority of them falling around $225
10 per hour.  (<u>See</u> Rectorseal's Mot. For Award of Attnys' Fees Ex. B
11 (Invoices)).  Boyd Flotation does not challenge the rates
12 charged.  Nor are these rates exceptionally high for the nature
13 of the work performed in this matter.  Therefore, the court
14 accepts the rates submitted by Rectorseal.

15    Boyd Flotation does contend that some of the hours
16 expended by Rectorseal's counsel are unreasonable in that they
17 are either unrelated to the underlying litigation or are
18 unsupported by sufficient documentation.

19    Rectorseal's invoice 483208 (dated 11/9/04) includes an
20 entry for 09/15/04 charging $112.50 for a "Letter to Gary R.
21 Farrar with check in the amount of $18,141.55 constituting final
22 payment pursuant to the Settlement and Release Agreement."  (<u>See</u>
23 Rectorseal's Mot. For Award of Attnys' Fees Ex. B (Invoice
24 483208)).  Boyd Flotation rightly objects to these fees as having
25 been incurred in connection with the performance of Rectorseal's
26 obligations under the settlement agreement, rather than in
27 connection with the subject litigation.  Therefore, the court
28 will reduce Rectorseal's fee award by $112.50.

10

1      Boyd Flotation also objects to three invoices from

2 Locke Liddell & Sapp, from March 2004 (No. 475082, for $322.51),

3 May 2004 (No. 485920, for $962.50), and August 2004 (No. 501032,

4 for $167) on the ground that they have no connection with Case

5 No. 24398.  This general argument has already been addressed and

6 rejected.  Further, Rectorseal's counsel, Kenneth B. Baker,

7 clarifies in his affidavit that the these fees were charged for

8 legal research regarding Boyd Flotation's position as to the

9 enforceability of the settlement agreement at issue in the

10 underlying litigation.  (See id. Ex. B (Baker Affidavit) ¶¶ 7-8).

11 Therefore, the fees were reasonably incurred, and the court

12 rejects this argument for reducing Rectorseal's fee award.

13      Finally, Boyd Flotation objects to three vague time

14 entries on invoice 508095 (12/6/04, 12/7/04, and 12/8/04)

15 totaling 18.5 hours and $2,312.50.  The entries state only that

16 time was spent doing "research for memorandum" and "drafting

17 memorandum."  (See id. Ex. B (Invoice 508095)).  However, they

18 directly follow another entry indicating that the two attorneys

19 who billed the challenged hours had previously met to discuss the

20 issues that needed to be addressed in the memorandum.  (See id.

21 (12/06/2004 entry)).  The context of the entries suggests that

22 the hours were appropriately expended researching legal issues

23 pertinent to the litigation.

24      Further, Kenneth Baker makes this clear in his sworn

25 affidavit wherein he states that he "prepared the . . . Motion

26 for Award of Attorneys' Fees . . . [and that] the costs set forth

27 therein . . . are correctly stated, were necessarily incurred

28 during [the] litigation, and represent fees for services that

11

were actually and necessarily performed." (<u>See</u> <u>id.</u> Ex. B (Fagan

Affidavit) ¶ 4). Under California law, "[t]estimony of an

attorney as to the number of hours worked on a particular case is

sufficient evidence to support an award of attorney fees, even in

the absence of detailed time records." <u>Martino v. Denevi</u>, 182

Cal. App. 3d 553, 558 (1986); <u>see also</u> <u>Demeter</u>, 155 Cal. App. 3d

at 470-471, 478(accepting counsel's testimony regarding number of

hours expended); <u>Margolin v. Reg. Planning Comm.</u>, 134 Cal. App.

3d 999, 1006 (1982)(awarding attorneys' fees unsupported by

records where attorney attested to them under oath). Mr. Fagan's

sworn affidavit, in conjunction with the billing records, is

sufficient to justify an award for these charges. Thus, the

court will deny Boyd Flotation's objection to these fees.

Because only one of Boyd Flotation's objections is

meritorious, Rectorseal's attorneys' fees award need only be

reduced by $112.50. This brings the total amount of the fee

award to $63,112.56.

IT IS THEREFORE ORDERED that:

(1) defendant Rectorseal's bill of costs be, and the

same hereby is, DENIED; and

(2) defendant Rectorseal's motion for attorneys' fees

be, and the same hereby is, GRANTED in the amount of **$63,112.56.**

DATED: August 11, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12